**PARKWAY MOTOR CO., Inc., v. CHARLES.**
No. 4839.

Court of Appeals of District of Columbia.
Argued Feb. 4, 1930.
Decided March 3, 1930.

W. Carter Baum, J. W. Cox, and J. T. Sherier, all of Washington, D. C., for plaintiff in error.

Frederick Stohlman, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This case is here in error to the municipal court of the District of Columbia. The plaintiff, Parkway Motor Company, Inc., sued defendant upon his promissory note for $846.02, with interest, less a credit of $143.12. Defendant admitted the validity of the note, but set up a counterclaim in the sum of $900 for commissions alleged to be due on the sale of thirty-two Ford automobiles, for which defendant had obtained orders while in the plaintiff's employ as a salesman. The counterclaim was allowed in full; and, from a judgment rendered in favor of the defendant for the sum of $197.12, the case comes here on error.

The counterclaim is based upon a contract of employment between plaintiff and defendant, the material part of which is as follows: "In the event of the termination of this agreement by the salesman, if working on other than a straight salary basis, settlement will be made only upon such new Ford cars, trucks or tractors as have been sold by the salesman personally and have been delivered and paid for in full, either in cash or equivalent at the time of such termination and no allowance will be made to the salesman for any new Ford cars, trucks or tractors, for which he may have taken orders including enrollments for cars, trucks or tractors and which may be delivered at a later time, but in case this agreement is terminated by the dealer, the salesman, if on other than straight salary basis, will be allowed in the final settlement for all orders and enrollments which have been taken by him and accepted as aforesaid, if and when the new Ford cars, trucks and tractors have been delivered and the dealer has received payment therefor in full."

This agreement was voluntarily terminated by defendant in January, 1928. The case turns upon the interpretation to be placed upon the contract. It is difficult to conceive of a contract expressed in clearer and more definite terms. It provides that defendant is only entitled to his commission upon new Ford cars sold by him and delivered and paid for in full at the time of the termination of the contract. The contract further provides that no allowance shall be made for the sale of any cars for which orders have been taken and which may be delivered after the termination of the contract.

It appears from the record that in May, 1927, the Ford Motor Company discontinued the manufacture of cars of its former model, and announced that a new model would be produced in the near future. Great delay was experienced in the production of the new model cars, so that Ford dealers generally were unable to secure cars in sufficient numbers to meet the demand. It was under these circumstances that the orders for thirty-two new Ford cars were obtained by defendant. It further appears that at the time of the trial fifteen of the thirty-two cars remained undelivered and unpaid for, and ten of the orders had been canceled by the purchasers and the deposits had been refunded, while only seven of the thirty-two cars had been delivered and paid for.

Defendant, a salesman familiar with the business, in entering into this contract, was charged with notice that plaintiff company had nothing to do with the production of the cars, and was entirely dependent for its supply on the Ford Motor Company. Under

these conditions, there is no difficulty in applying the express terms of the written agreement to this case. The failure to deliver the cars was not chargeable to plaintiff. The orders were taken contingent upon the supply of new cars being sufficient to meet the demand; and, since the contract was terminated by the voluntary act of the defendant, he is in no position to complain that the cars had not been delivered and settled for in full at the time he terminated the contract. Clearly, under the terms of the agreement, defendant is entitled to commission by way of offset only on the number of cars that had been sold and settled for in full at the time he terminated the contract.

The judgment is reversed, with costs, and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.